## LAYNE v. COE, Commissioner of Patents.
### No. 1154.

District Court of the United States for the District of Columbia.

Aug. 12, 1940.

Emmett L. Sheehan, of Washington, D. C., and Jesse R. Stone and Lester B. Clark, both of Houston, Tex., for plaintiff.

W. W. Cochran, of Washington, D. C., for defendant.

MORRIS, Justice.

The plaintiff, Leslie A. Layne, together with Harold C. Block and Albert L. Roco (Layne subsequently acquiring the interest of Block and Roco), filed an application for letters patent in the United States Patent Office on January 29, 1937, designated as Serial No. 122,948. The claims in this application relate to improvements in combination packer, setting tool and well bottom assembly for use in deep wells, such improvements consisting particularly in the combination of an "upside down" packer with a strainer, set shoe and wash valve assembly and a lowering and packer setting tool for the packer and strainer assembly. Certain of the claims in the application were amended, and the primary examiner allowed claims 1, 2, 3, 5, 6, 7, 8,

14, 16 and 18. Claim 19 was rewritten as claim 28, and claims 10 and 20 to 28, inclusive, were finally rejected by the primary examiner, and, upon appeal, the Board of Appeals affirmed the action of the examiner. These are the claims involved in this proceeding. The Board of Appeals considered claim 10 to be illustrative, and that claim reads as follows:

"10. A well bottom including a set shoe, a back pressure valve therein, a wash valve of the screw-in type to lock off said back pressure valve after the washing operation, a wash pipe screwed into said valve with a left-hand thread so as to release upon continued rotation of the wash pipe after the wash valve is closed, a seal member between said pipe and wash valve to protect said left-hand threads against clogging, a screen connected to said shoe, a liner on said screen, a packer on said liner an expansible setting ring on said wash pipe which is collapsed in said packer, a shoulder on said packer adapted to receive said setting ring after release of said left-hand threads and elevation of said pipe, said ring being adapted to snap over said shoulder so that subsequent descent of said pipe will collapse said packer, and means to latch said packer in collapsed position so that said ring may be withdrawn therefrom."

The references relied upon by the examiner and the Board of Appeals are the following: Thomson, 1,609,270, November 30, 1926; Singleton, 2,041,439, May 19, 1936.

The evidence given at the hearing of this cause showed the practice employed in the drilling operation of a well where it was necessary to lower an assembly into the well bore, wash the heavy mud from the well by circulating water downward through the drill stem and through the wash tubing, and then set the packer or seal, which would prevent the surrounding formation from coming up around the strainer and in the casing. Considerable weight is required to set the standard packer, consisting of a suitable flexible material, collapsed in folds from the top to the bottom, and thus requires an increase of pressure to completely collapse the packer. The two patents cited as references undertook to deal with this problem. Singleton disclosed an assembly very similar in structure, but not in position, to applicant's disclosure. Thomson disclosed an "upside down" packer, very similar to the one disclosed in the instant application, but which operates in a different manner from that disclosed by Singleton and the one disclosed by the applicant. Without laboring the points of detail, it is considered by the Patent Office, in rejecting the claims here under consideration, that the plaintiff has combined the salient features of Thomson's "upside down" patent with the salient features of Singleton's assembly, and this, I believe, is true. The fact, however, remains, as clearly disclosed by the evidence given at the hearing of this cause, that this combination has resulted in a mechanism which has successfully accomplished the desired result, while the mechanism of neither Thomson nor Singleton did. Plaintiff's structure was made use of and became generally popular when it became known to the public, while the Singleton structure (the patent of which is owned by the plaintiff herein) has never been commercially successful, and the Thomson structure (the patent of which is owned by Howard Smith Company, of Houston, Texas, producers of well bottom equipment) has never even been placed upon the market. One practical advantage of the plaintiff's structure is that it can be set with tubing as distinguished from the drill stem equipment, because it requires so very much less pressure to set the packer.

I am convinced that the plaintiff has taken a step forward beyond that taken by either Thomson or Singleton. I am persuaded that the combination and adaptation of the Singleton structure with the Thomson structure, in a way which would make them produce a result which separately they do not, involves invention. That Singleton and Thomson each contributed, perhaps even more substantially than the plaintiff, to the ultimate result is also equally clear. If the plaintiff's claims were so limited as to cover only the contribution made by him in making use of the Singleton and Thomson disclosures, I am convinced that he should receive the recognition and protection which the patent laws should afford to him for that new arrangement. As it is, I am of the opinion the plaintiff claims too much, and it is not feasible to separate that which is patentable in the claims from that which is not. Therefore, I must enter an order dismissing the bill.